Erwin M. Beale, Administrator c. t. a. of Dr. Aaron W. Eyer, deceased, v. Mrs. Anna E. Kline and Mrs. Emma M. Marsh, Administratrices of Mary Eyer, deceased, and Isaac A. Kline, Appellants.

*Trusts and trustees—Parent and child—Accounting—Interest.*

Where a son intrusts to his mother a sum of money without instructions, and the mother invests portions of it, from time to time, keeping it separate from her own money, and pays back to her son portions of it when requested, the mother on final accounting will be charged with interest actually received on the sums invested.

Argued May 9, 1898. Appeal, No. 64, Jan. T., 1898, by defendants, from decree of C. P. Union Co., May T., 1896, No. 1, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account. Before McCLURE, P. J.

The facts appear by the previous report of the case in 183 Pa. 149.

The court below decreed:

1. That the balance due by the said Mrs. Anna E. Kline and Mrs. Emma M. Marsh, administratrices of the estate of Mary Eyer, deceased, to the said Erwin M. Beale, administrator cum testamento annexo of the estate of Dr. Aaron Wolf Eyer, deceased, is the sum of $3,877.36, with interest from January 10, 1898.

2. That the said Mrs. Anna E. Kline and Mrs. Emma M. Marsh, administratrices, pay to the said Erwin M. Beale, etc., $3,877.36, with interest thereon from January 10, 1898, out of the funds and securities held in trust for Dr. Aaron Wolf Eyer by Mrs. Mary Eyer, and which at her death came into the hands

of said Mrs. Anna E. Kline and Mrs. Emma M. Marsh, administratrices as aforesaid, and the accretions thereof.

3. That the said Mrs. Anna E. Kline and Mrs. Emma M. Marsh, administratrices, etc., assign, transfer and deliver to the said Erwin M. Beale, administrator, etc., the note of Isaac A. Kline, dated May 4, 1887, at one day, $1,500, to the order of Mrs. Mary Eyer, in trust for Dr. A. W. Eyer.

4. That the said Isaac A. Kline pay forthwith to the said Erwin M. Beale, administrator, $1,163.60, with interest thereon from January 10, 1898, and that upon said payment he be discharged from all further liability upon his said note of May 4, 1887, to the order of Mary Eyer for $1,500.

*Errors assigned* were in substance the charge of interest as above.

*Samuel H. Orwig* and *J. Thompson Baker*, for appellants.

*Andrew A. Leiser*, for appellee, cited on the question on interest: Freeman v. Brittin, 2 Harr. (N. J.) 206; Rodman v. Munson, 13 Barb. 75; Stocker v. Hutter, 134 Pa. 19; Port Royal v. Graham, 84 Pa. 426; Mumford v. Murray, 6 Johns. Chan. 1; Clauser's Est., 84 Pa. 51; Merrick's Est., 1 Ashm. 305; Landis v. Scott, 32 Pa. 495; Irwin's App., 178 Pa. 460.

PER CURIAM, May 30, 1898:

When this case was here last year, the tenth finding of the court below, "that 'accessions' had been made to the fund from some source," etc., was not sustained, because it was "not a finding of fact from the evidence," but an unwarranted "inference of the learned judge from Mrs. Eyer's method of dealing with her securities," etc.: Beale v. Kline, 183 Pa. 149, 154. The decree was accordingly reversed and the record remitted, with a procedendo, that the accounts might be restated in accordance with the opinion then filed.

Our examination of the record, as now presented, has satisfied us that the restated accounts substantially conform to the requirements of said opinion. There is nothing in either of the specifications of error that requires special notice. They are all overruled.

Decree affirmed and appeal dismissed at appellants' costs.